```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


ERNEST TILLMAN,                  §
TDCJ #1136494,                   §
                                 §
          Petitioner,            §
                                 §
v.                               §    CIVIL ACTION NO. H-05-0279
                                 §
DOUG DRETKE,                     §
                                 §
          Respondent.            §
```

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Ernest Tillman, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and the available state court records, the court will grant the pauper's application and dismiss Tillman's habeas petition because it is untimely. 28 U.S.C. § 2244(d).

### I. Procedural History and Claims

After entering a guilty plea, Tillman was convicted of aggravated robbery, and the state district court sentenced him to thirty years in prison. State v. Tillman, No. 897528 (177th Dist. Ct., Harris County, Tex., Nov. 20, 2002).

On July 25, 2003, Tillman filed a state application for a writ of habeas corpus challenging the conviction pursuant to

Article 11.07 of the Texas Code of Criminal Procedure.[1] The application was denied without a written order on January 28, 2004. Ex parte Tillman, No. WR-57,364-01. A second state habeas application was filed on August 26, 2004,[2] and it was dismissed for abuse of the writ on October 27, 2004, pursuant to section 4 of Article 11.07. Ex parte Tillman, No. WR-57,364-02.

The pending federal petition is considered filed on January 19, 2005, the date of Tillman's signature, which is the earliest possible date he could have given the petition to a TDCJ-CID official for delivery to this court. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Tillman raises the following claims:

1. Tillman's guilty plea was involuntary.

2. Tillman's attorney failed to inform him of his right to appeal.

---

[1] Although Tillman states in his federal habeas petition that the state habeas application was filed on October 16, 2003, the Texas Court of Criminal Appeals' website reveals that October 16 is the date that the application was transferred from the state district court to the appellate court (http://www.cca.courts.state.tx.us/). The Harris County District Clerk's Office verified by telephone that Tillman's state habeas application was filed there on July 25, 2003. This is the date that will be used for determining whether the federal habeas petition is timely. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999); see also Fisher v. Johnson, 174 F.3d 710, 712 n.7 (5th Cir. 1999).

[2] In his petition Tillman again uses the date that the second application was received by the Court of Criminal Appeals. The date used in this Memorandum Opinion is the date the application was filed in the Harris County District Clerk's office.

3.   Tillman's attorney did not file a notice of appeal despite Tillman's instructions to do so.

## II.   One-Year Statute of Limitations

Tillman's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to determine the timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Tillman entered a guilty plea on November 20, 2002. Therefore, the conviction became final on December 20, 2002, the last day he could have filed a notice of appeal.  TEX. R. APP. P. 26.2 (West 2002). See also Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003), citing Flanagan, 154 F.3d at 197.  Pursuant to the AEDPA, Tillman had one year from that date to file a federal habeas petition.  See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004).  In the alternative, Tillman needed to file a state habeas application within the one-year period in order to toll it. Flanagan, 154 F.3d at 199 n.1.

Tillman filed his first state habeas application on July 25, 2003, 206 days after the conviction became final.  The one-year limitations period was tolled while the application was pending. 28 U.S.C. § 2244(d)(2).  When the application was denied on January 28, 2004, Tillman had 159 days, or until July 7, 2004, to take further meaningful action.  The second state habeas

application was not filed until August 26, 2004, and is not relevant in determining the timeliness of the petition because the filing of the second application occurred after the expiration of the one-year limitations period.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Tillman's federal habeas petition is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A) because it was filed more than a year after the conviction was final.  Tillman has not shown that he was subject to state action that impeded him from filing his petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate of the claims that could not have been discovered before the conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D).

### III.  Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations

omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Tillman has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a certificate of appealability from this decision will not be issued.

### IV. Conclusion

Accordingly, the court **ORDERS** the following:

1. This cause of action is **DISMISSED with prejudice** because it is untimely. 28 U.S.C. § 2244(d).

2. A certificate of appealability is **DENIED**.

3. The Motion for Response (Docket Entry No. 7) is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 27th day of May, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE